STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-377

CORINA BELL, )
                           )
        Plaintiff          )
                           )
                           )    ORDER ON DEFENDANT'S
    v.                     )    MOTION FOR SUMMARY
                           )    JUDGMENT
RC MANAGEMENT, LLC,        )
                           )
        Defendant.         )

STATE OF MAINE
Cumberland ss Clerk's Office

MAR 27 2018 9:55AM
RECEIVED

Before the Court is Defendant RC Management, LLC's motion for summary judgment. A hearing was held on this motion on February 8, 2018. For the following reasons, Defendant's motion is granted in part and denied in part.

I. Background

The following facts are not in dispute. In March 2014, Plaintiff worked four or five shifts as a trainee at the Yarmouth, Maine McDonald's, which was owned and operated by Defendant. (Def.'s S.M.F. ¶¶ 4-6.) During her brief tenure, Plaintiff alleges she experienced three incidents involving sexual harassment. (*Id.* ¶ 7.) The first incident occurred on March 22, 2014 when her coworkers discussed a couple "having sex" at prom. (*Id.* ¶ 9.) This discussion was brief and involved no profane or slang words. (*Id.* ¶¶ 10-11.) The second incident occurred on March 29, 2014 when a coworker discussed a woman breastfeeding in the restaurant and rubbed his chest in a sexual manner. (*Id.* ¶¶ 15-16.) A supervisor told the coworker to "shut up," and the coworker immediately stopped the behavior. (*Id.* ¶ 17.) The third incident occurred on March 30, 2014 when a coworker was discussing "how to make babies" and used the word "sperm" during a conversation about evolution and the passing of genetic material. (*Id.* ¶¶ 20-21 & n.2.) Following this incident, a coworker asked Plaintiff if she was okay, and she responded "yes." (*Id.* ¶ 23.)

Plaintiff-Sarah Churchill, Esq.
Defendant-Mark Franco, Esq. and
Tim Steigelman, Esq.

Plaintiff complained to management about the three incidents. (Pl.'s S.M.F. ¶ 2.) After meeting with Plaintiff, a manager spoke to and issued a written warning to one of the coworkers about whom Plaintiff had complained, and the coworker apologized. (Def.'s S.M.F. ¶¶ 28-30.) Plaintiff did not return to work in April 2014. (*See id.* ¶ 31; Pl.'s Resp. to Def.'s S.M.F. ¶ 31.) Plaintiff did not remain at McDonald's long enough to receive an expected apology from another coworker who was involved. (Def.'s S.M.F. ¶ 32.) Plaintiff claims these incidents were traumatic and that she was offended by them because the only time she ever recalls hearing about sex in high school was from an education teacher. (*Id.* ¶¶ 35-38.)

Plaintiff saw a counselor while she was a high school student, and she reported to medical professionals that she experienced symptoms of depression as a teenager. (Pl.'s S.M.F. ¶¶ 10-11.) Plaintiff claims the incidents at McDonald's caused her to experience a psychological breakdown that included symptoms such as hallucinations, hearing voices that are not there, believing she or someone else could teleport, and believing other people are demons or warlocks. (*See id.* ¶ 18; Def.'s S.M.F. ¶¶ 40-47.) Although Plaintiff claims entitlement to past and ongoing damages for psychiatric, emotional, and financial damage, including costs of psychiatric treatment, she has not designated any expert witnesses. (Def.'s S.M.F. ¶¶ 40, 50.) Defendant's medical expert, Dr. Carlyle B. Voss, has opined that Plaintiff's experience at McDonald's could not be connected to her psychotic break to a reasonable medical certainty. (*See id.* ¶¶ 51-54.)

II. Standard of Review

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of

material fact exists when the factfinder must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

If the moving party's motion for summary judgment is properly supported, the burden then shifts to the non-moving party to respond with specific facts indicating a genuine issue for trial in order to avoid summary judgment. M.R. Civ. P. 56(e). When a defendant moves for summary judgment, the plaintiff must respond with evidence establishing a prima facie case. *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897. The evidence proffered by the plaintiff "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating." *Estate of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 19, 60 A.3d 759. If a plaintiff fails to present sufficient evidence, then the defendant is entitled to a summary judgment. *Watt*, 2009 ME 47, ¶ 21, 969 A.2d 897.

III. Discussion

*A. Liability for sexual harassment*

To support a claim for sexual harassment based on a hostile work environment, a plaintiff must prove the following elements:

> (1) that he (or she) is a member of a protected class; (2) that she was subject to unwelcome sexual harassment; (3) that the harassment was based upon sex; (4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment; (5) that sexually objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and (6) that some basis for employer liability has been established.

*Watt*, 2009 ME 47, ¶ 21, 969 A.2d 897. Defendant primarily argues Plaintiff has not proffered evidence to support elements (4)-(6).

1. Element (4): Severe or pervasive harassment

Defendant contends that the incidents about which Plaintiff complains amount to no more than "isolated incidents" and "offhand comments." *See Bodman v. Maine*, 787 F. Supp. 2d 89, 106 (D. Me. 2011) (no severe or pervasive harassment when behavior was characterized as "no more than a series of isolated incidents" and "little more than offhand comments" (internal quotes omitted)). However, as Plaintiff notes, with the exception of her orientation shift, an incident she alleges to have been harassing occurred on every shift she worked. (Pl.'s Opp'n to Def.'s Mot. Summ. J. 2.) Although this amounts to only three incidents over the course of three shifts, viewing these facts in the light most favorable to Plaintiff, these sexually-charged conversations arguably amount to more than mere offhand comments, and the frequency of these occurrences could be characterized as pervasive, even if not particularly severe.

As a cautionary note, the Court is doubtful that this behavior was so pervasive as to alter the conditions of Plaintiff's employment. Nonetheless, given Plaintiff's apparent discomfort with her working environment and decision not to return to work after only a few shifts, a reasonable jury may find that her working environment was indeed sufficiently hostile so as to alter the conditions of her employment. Thus, this element has not been negated as a matter of law.

2. Element (5): Objectively and subjectively offensive

Although Defendant is skeptical as to whether Plaintiff was subjectively offended by the incidents in question, the Court will assume at this time that Plaintiff was subjectively offended by the behavior, given her decisions to leave her job and file a lawsuit and her deposition testimony that she was indeed offended. At the least, Plaintiff's subjective offense presents a genuine issue of material fact.

As to whether the behavior in question was objectively offensive such that a reasonable person would find it hostile, the three incidents described by Plaintiff as the basis of her claim could be understood as nothing more than casual conversations between young coworkers. Indeed, Defendant's medical expert has noted, "In my clinical experience, young adults ... have been exposed to the sort of talk [Plaintiff] complains of in this lawsuit, are aware that other young adults talk about body parts and sexual function, and understand it is a normal part of human experience." (Voss Aff. ¶ 6.) Nonetheless, "[w]hether a reasonable person would objectively perceive ... conduct as creating a hostile work environment is a matter frequently left to the sound discretion of reasonable jurors...." *Crowley v. L.L. Bean, Inc.*, 143 F. Supp. 2d 38, 57 (D. Me. 2001). Although the incidents in question do not strike the Court as particularly offensive, a determination on this element requires a fact-intensive inquiry and is more appropriately left to the jury.

3. Element (6): Basis for employer liability

There is some dispute as to whether any of the harassing incidents were perpetrated by a manager.[1] Even if they were perpetrated by a coworker, the court finds there is a fact question regarding employer liability. "[E]mployers may be liable for the sexual harassment of an employee by a co-worker or workers under a hostile environment claim where the employer knew or should have known of the charged sexual harassment and failed to take immediate and appropriate corrective action." *Watt*, 2009 ME 47, ¶ 27, 969 A.2d 897. "Although the 'immediate and appropriate corrective action' standard presents a mixed question of law and fact, ultimately it is

---

[1] The manger-coworker distinction can be important because if the harassing behavior was perpetrated by an official representing the defendant, the plaintiff need not make any further evidentiary showing to demonstrate the defendant knew of the harassment. *See Nadeau v. Rainbow Rugs*, 675 A.2d 973, 976-77 (Me. 1996) (supervisor was an official representing the defendant employer and clearly knew of the harassment because he caused it). However, this distinction is of little import in this case because the parties agree Plaintiff complained to management about the harassing behaviors. (*See* Pl.'s S.M.F. ¶ 2; Def.'s Reply to Pl.'s S.M.F. ¶ 2.)

the jury or fact-finder that must judge the historical facts, apply the standard, and conclude whether the employer's actions conform to the standard." *Id.* ¶ 28.

Although the parties agree that Defendant took some corrective actions in response to Plaintiff's complaints, there is a fact question as to whether Defendant's actions were appropriate to the situation. For instance, Defendant makes much of the fact that following the second incident, a supervisor told the harassing employee to "shut up," and the behavior stopped for the duration of the shift. However, the very next day, another allegedly harassing incident occurred involving the same coworker. Thus, the effectiveness of Defendant's action is questionable.

The appropriateness of Defendant's actions can be further called into question due to the fact that Plaintiff ultimately chose not to return to work rather than be subjected to further behavior that she found harassing, and as a consequence, the court has no information regarding whether or not the sum of all of Defendant's corrective actions would have had any mitigating effect. *See, e.g., Bodman*, 787 F. Supp. 2d at 104-05 (after Plaintiff informed Defendant employer of sexually harassing behavior, Defendant took immediate corrective action, and the record unambiguously showed perpetrator had no further workplace contact with Plaintiff). Interpreted in the light most favorable to Plaintiff, her departure would suggest that Defendant's attempts at corrective action were in fact ineffective and thus not appropriate to the situation.

In sum, the Court finds a number of unresolved fact questions pertaining to each disputed element of Plaintiff's sexual harassment claim. Therefore, summary judgment as to Defendant's liability for the alleged sexual harassment is inappropriate at this time.

*B. Medical damages*

In the alternative, Defendant has moved for partial summary judgment to prevent Plaintiff from pursuing damages based on her medical symptoms, diagnosis, or treatment. The record

contains an abundance of deposition testimony from lay witnesses including Plaintiff and her family members alleging that Plaintiff experienced a psychotic breakdown shortly after leaving her job. Despite testimony from these witnesses that Plaintiff underwent extensive treatment for severe psychiatric symptoms beginning a couple of weeks after her departure from McDonald's, Plaintiff has not designated an expert to testify to the nature of Plaintiff's symptoms, diagnosis, or treatment; to their medical necessity; to the reasonableness of her medical bills; or to their relation (if any) to Plaintiff's sexual harassment allegations. Defendant has, however, designated Dr. Voss, who is prepared to testify that "there is no plausible way to medically connect Ms. Bell's allegations of her experience at work to her severe psychotic break and ongoing symptoms." (Voss Aff. ¶ 5.)

Without the aid of expert testimony, the Court is satisfied that Plaintiff will not be able to support a claim for damages based on her medical treatment. Although Plaintiff notes causation is not an element of a sexual harassment claim, Defendant persuasively argues that Plaintiff's conundrum is not a matter of causation as an element of legal proof, but rather a matter of legal sufficiency of the evidence to permit an inference of medical causation. Absent competent evidence that Plaintiff's medical symptoms and treatment were related to the harassment she complains of, Plaintiff cannot support a claim for medical damages.

"Allowing a jury to infer causation on complex medical facts without the aid of expert testimony on the subject ... stretches the jury's role beyond its capacity." *Merriam v. Wanger*, 2000 ME 159, ¶ 17, 757 A.2d 778. As such, Plaintiff's failure to designate a medical expert necessarily forecloses her ability to introduce evidence of Plaintiff's medical treatment to the jury, as an expert is required to establish complex medical facts like those alleged in this case. Moreover, Plaintiff would need an expert to rebut the opinion of Defendant's expert that Plaintiff's symptoms

were not related to the harassing conduct Plaintiff alleges she experienced. Because Plaintiff has failed to designate a medical expert, she cannot support a claim for medical damages as a matter of law. Thus, Defendant is entitled to partial summary judgment on this element of damages.

IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED in part and DENIED in part. The motion is GRANTED as to the issue of medical damages such that Plaintiff cannot recover medical damages as a matter of law. The motion is DENIED as to Defendant's liability for sexual harassment.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: March 27, 2018

Lance E. Walker, Justice
Maine Superior Court